IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

CONVERGEN ENERGY WI LLC

                Plaintiff,

-against-

L'ANSE WARDEN ELECTRIC COMPANY, LLC

                Defendant.

Index No. 20-cv-00543

**DEFENDANT'S SUR-REPLY IN OPPOSITION TO
PLAINTIFF'S MOTION FOR TEMPORARY
RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Defendant L'Anse Warden Electric Company, LLC ("L'Anse"), through its counsel, Conway, Olejniczak & Jerry, S.C., provides this sur-reply in opposition to the Motion for a Preliminary Injunction (the "Motion") brought by Plaintiff Convergen Energy WI, LLC ("CEW").

## I. Introduction

CEW would like to cure the substantive defects in its injunction papers by making up evidence and violating the court's procedural rules. CEW has abused the court's allowance for it to file a reply by introducing new allegations that are not responsive to L'Anse's opposition and were not included in CEW's proposed record of facts.

## II. CEW Introduces New Allegations on Reply

CEW's new "facts" on reply should have been presented with its initial moving papers and proposed record of facts. In CEW's own words, it "asserts three additional bases in support o[f] a finding of irreparable harm:"

    (i)    L'Anse's failure to pay for pellets "jeopardizes" CEW's relationship with BMO Harris Bank N.A. ("BMO"), its lender;

1

(ii) The supply agreement accounts for 50% of CEW's sales and CEW will be forced to reduce operations and fire employees without payment from L'Anse; and

(iii) CEW's third party vendors rely on payments that could only be paid out of revenue from L'Anse.

CEW also takes another swing at likelihood of success on the merits and argues that the supply agreement cannot be the product of fraud because Libra Group's General Counsel drafted it. These new allegations are procedurally improper and demonstrably false.

### III. Motion Should be Denied because of Inappropriately Added New Allegations

Adding new facts on reply that should have been part of its initial papers is a substantial divergence from the Western District's injunctive relief procedure and the Court may deny the motion for injunctive relief on this basis. *See* Section II, Part D; *Cheek v. Beeman*, No. 13-CV-527-BBC, 2014 WL 1493832, at *1 (W.D. Wis. Apr. 15, 2014) (denying an injunction where plaintiff did not "pay particular attention to those parts of the procedure that require him to submit proposed findings of fact in support of his motion and point to admissible evidence in the record to support each factual proposition."). On this basis alone, the Motion should be denied.

### IV.  CEW's New Facts and Arguments Are Speculative and Misleading

If the Court were to look past the procedural hurdles presented by CEW's reply, the Motion should still be denied because the new allegations and arguments are speculative. CEW newly alleges that BMO will with withdraw its financial support if L'Anse does not begin to pay for pellets but provides no demand letter or affidavit from BMO. Camilo Patrignani ("Patrignani") has spoken with BMO about the dispute and the fraud allegations surrounding the supply agreement, and BMO did not indicate an intent to withdraw financial support. *See* Declaration of Camilo Patrignani ¶ 4. ("Patrignani Dec."). CEW vaguely represents credit as the "lifeblood" of CEW but chooses not to explain the role of credit in CEW's operations. CEW also makes no claim that its creditworthiness will be so negatively affected that it will unable to

2

obtain an alternative lender. Claims of potential loss of access to credit are just that, claims, without any evidentiary support. *See Int'l Ass'n of Machinists Dist. 10 v. Wisconsin*, 194 F. Supp. 3d 856, 865 (W.D. Wis. 2016) (denying an injunction because "reliance on vague and conclusory statements about irreparable harm are simply not enough to show that they are entitled to the extraordinary remedy of preliminary injunctive relief.").

CEW newly alleges that L'Anse's refusal to pay for pellets has "compromised" its ability to carry out core business functions but does not present the Court with a single example of how CEW has been compromised to date. Instead, CEW refers to possible future harm because the supply agreement accounted for "around 50%" of sales. This argument fails because CEW is profitable without any pellet sales to L'Anse as reflected in CEW's 2019 audited financial statements. *See* Patrignani Dec. ¶ 5. CEW also gets paid significant tipping fees to accept waste from suppliers, which is then converted to pellets. *See* Patrignani Dec. ¶ 6. Finally, CEW applied for a Paycheck Protection Program forgivable loan of about at least $400,000, thus diminishing CEW's alleged reliance on payments from L'Anse to sustain its operations, including employee payroll. *See* Patrignani Dec. ¶ 7. Lastly, CEW's new claims of third party injuries are nothing more than describing the impact of money damages. *See D.U. v. Rhoades*, 825 F.3d 331, 339 (7th Cir. 2016) (holding that a party seeking a preliminary injunction must demonstrate that money damages would be inadequate should they win the lawsuit); *Bisnews AFE (Thailand) Ltd. v. Aspen Research Grp. Ltd.*, 437 F. App'x 57 (2d Cir. 2011) (denying a preliminary injunction because plaintiff could be fully compensated by money damages.). Loss of income may negatively impact relations with those with whom it does business but that is not irreparable harm and CEW does not cite to any cases for support.

CEW seeks to bolster the likelihood of success on the merits by asking the Court to consider facts in a vacuum and believe transactional attorneys are all-knowing fraud detectors.

CEW argues that because Libra Group's General Counsel drafted the irreparable harm provision of the supply agreement, the transaction must have been at arm's length. Mr. Diaz, as General Counsel, was not tasked with negotiating or evaluating the commercial terms of the transaction. *See* Patrignani Dec. ¶ 8. Rather, Mr. Diaz drafted an agreement based on the commercial terms fraudulently "negotiated" by the defendants in the New York action including Steven Brooks who was the Libra Group employee on both sides of the fraudulent transaction. *See* Patrignani Dec. ¶ 8.

## V. An Oral Argument Should be Held to Address CEW's Reply

CEW makes various other arguments that can be clarified and discarded at oral argument before the Court. L'Anse briefly addresses them below. Patrignani understands and is very familiar with both the CEW and L'Anse businesses. *See* Patrignani Dec. ¶ 2. Patrignani was also part of the investigation to uncover the depth of the fraud. *See* Patrignani Dec. ¶ 3. He did not have to be at the company in January 2020 to know: (a) that the Supply Agreement is a farce; and (b) a fraud occurred. *See* Patrignani Dec. ¶ 3. The Honorable Judge Liman of the Southern District of New York participated in a telephonic hearing on the temporary restraining order before he granted it. *See* Patrignani Dec. ¶ 9. The merits of the claims were addressed on that call, which was transcribed. *See* Patrignani Dec. ¶ 9. To claim that Judge Liman did not address the merits is, at best, wrong. The purpose of the hearing will be to address and create a record of, among other things, fraud.[1]

---

[1] While CEW claims there is no evidence of fraud, L'Anse refers to a recorded admission of the fraud in the New York complaint. The only document that Libra Group legitimately signed is the amended closing statement to the entire transaction, which specifically called for New York jurisdiction.

## VI.  Conclusion.

CEW has failed to meet the burden of proof on each element of its Motion. This improper reply is a last ditch effort to fill holes that simply cannot be filled (substantively or procedurally). CEW's Motion must be denied with prejudice to bring this charade to an end.

Dated this 6th day of July, 2020.

/s/ R. George Burnett_____
George Burnett
Bryant M. Dorsey
Law Firm of Conway, Olejniczak & Jerry, S.C.
P.O. Box 23200
Green Bay, WI 54305-3200
Phone: (920) 437-0476
Fax: (920) 437-2868
Wis. State Bar No.
gb@lcojlaw.com

Michael Stolper
Seiden Law Group, LLP
469 Seventh Avenue, Suite 502
New York, NY 10018
Admission Pro Hac Vice Pending

*Attorneys for Defendant, L'Anse Warden Electric Company, LLC*

3451387