IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| CONVERGEN ENERGY WI LLC<br><br>          Plaintiff,<br><br>-against-<br><br>L'ANSE WARDEN ELECTRIC COMPANY, LLC<br><br>          Defendant. | Index No. 20-cv-00543 |

**MOTION FOR LEAVE TO FILE SUR-REPLY**

PLEASE TAKE NOTICE that Defendant L'Anse Warden Electric Company, LLC ("L'Anse"), by and through its attorneys, Conway, Olejniczak & Jerry, S.C., does hereby move the Court for an order granting L'Anse leave to file a sur-reply in opposition to Plaintiff Convergen Energy WI, LLC's ("CEW") Motion for a Preliminary Injunction. *See* proposed sur-reply attached as Exhibit A.

**I. Respondent L'Anse Should Be Granted Leave to Address CEW's New Allegations**

This court granted CEW an opportunity to file a reply brief on an injunction motion. This is extra relief not ordinarily granted under the rules. Typically, a respondent to an injunction motion gets last word. *See* Western District's "Procedure to Be Followed on Motions for Injunctive Relief" Section III, Part C; *Novus Franchising, Inc. v. Superior Entrance Sys., Inc.*, No. 12-CV-204-WMC, 2012 WL 1883504, at *1 (W.D. Wis. May 22, 2012) (granting defendant leave to file sur-reply after granting Plaintiff "extraordinary relief" to file a reply because "this court's standard practice on such motions is to allow the respondent the final word.").

CEW has abused the opportunity granted by the Court to have the last word by injecting new "facts" on reply that should have been presented with its initial moving papers and proposed record of facts. In CEW's own words, it "asserts three additional bases in support o[f] a finding of irreparable harm," the crux of an injunction motion:

(i)  L'Anse's failure to pay for pellets "jeopardizes" CEW's relationship with BMO Harris Bank N.A., its lender;

(ii)  The supply agreement accounts for 50% of CEW's sales and CEW will be forced to reduce operations and fire employees without payment from L'Anse; and

(iii)  CEW's third party vendors rely on payments that could only be paid out of revenue from L'Anse.

CEW also takes another swing at likelihood of success on the merits and argues that the supply agreement cannot be the product of fraud because Libra Group's General Counsel drafted it. These new allegations are procedurally improper and deprive L'Anse of responding in writing to them. This is particularly prejudicial here where such facts are demonstrably false.

**II. CEW's Injunctive Relief Warrants Denial for Failure to Respect Court Procedure**

Before considering L'Anse's request to submit a sur-reply, the Court should consider denying CEW's injunction motion outright for failure to comport with the rules. Specifically, the Court requires the movant (CEW) to submit a proposed record of facts with its moving papers; failure to do so is a sufficient basis to deny the motion. *See* Section II, Part D; *Cheek v. Beeman*, No. 13-CV-527-BBC, 2014 WL 1493832, at *1 (W.D. Wis. Apr. 15, 2014) ("Plaintiff should pay particular attention to those parts of the procedure that require him to submit proposed findings of fact in support of his motion and point to admissible evidence in the record to support each factual proposition."). CEW substantially diverged from the Western District's injunctive relief procedure by injecting new facts on reply. CEW admits this procedural error when it "asserts three additional

2

bases in support o[f] a finding of irreparable harm." For this reason alone, the motion should be denied. *See* Id.

WHEREFORE, L'Anse respectfully requests that this Court grant this Motion and enter an Order denying the Preliminary Injunction or in the alternative authorizing L'Anse to file the attached sur-reply in opposition to CEW's Motion for a Preliminary Injunction.

Dated this 6th day of July, 2020.

> /s/ R. George Burnett
> R. George Burnett
> Bryant M. Dorsey
> Law Firm of Conway, Olejniczak & Jerry, S.C.
> P.O. Box 23200
> Green Bay, WI 54305-3200
> Phone: (920) 437-0476
> Fax: (920) 437-2868
> Wis. State Bar No.
> gb@lcojlaw.com
>
> Michael Stolper
> Seiden Law Group, LLP
> 469 Seventh Avenue, Suite 502
> New York, NY 10018
> Admission Pro Hac Vice Pending
>
> *Attorneys for Defendant, L'Anse Warden Electric Company, LLC*

*3451496*